UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HASAN VAUGHAN,

                Plaintiff,

      -against-

MICHAEL SPOSATO, *Acting Sheriff,*
OFFICER HUES [sic], OFFICER BOID [sic],
OFFICER HARVEY, OFFICER KAHL, OFFICER
VEGA, OFFICER HARDY, CORPORAL
ANDERSON, "OFFICER, BADGE NO. 2783,"
"OFFICER G.", and COUNTY OF NASSAU,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

11-CV-3097(SJF)(ARL)
**OPINION & ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 12 2011 ★

LONG ISLAND OFFICE

I.    Introduction

On June 27, 2011, incarcerated *pro se* plaintiff Hasan Vaughan ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants County of Nassau ("the County"), s/h/a the Nassau County Correctional Center ("NCCC"); Michael Sposato ("Sposato"), Acting Sheriff of the NCCC; Nassau Health Care Corporation ("NHCC"), s/h/a Nassau University Medical Center ("NUMC"); Sergeant Miller ("Sgt. Miller"), s/h/a the NCCC Inmate Grievance Unit ("IGU") Sergeant; the NCCC Food Administration Supervisor; Sergeant Camanitti ("Camanitti"), s/h/a the NCCC Housing Unit Maintenance Supervisor, Commissary Supervisor, Mail Room Sergeant and Law Library Sergeant, (Compl., ¶¶ 14-16); Correctional Officers Hughes, s/h/a Officer Hues ("Hughes"), Boyd, s/h/a Officer Boid ("Boyd"), Harvey ("Harvey"), Kahl ("Kahl"), Vega ("Vega") and Hardy ("Hardy"); Mr. O'Kanta ("O'Kanta"), as medical supervisor; Sergeant Gehi ("Gehi"), of the NCCC's E1G Unit; Corporal Anderson

1

("Anderson"); Senior Nurse Kim Edwards ("Edwards"); and two (2) additional correctional officers identified only as "Officer Badge No. 2783" and "Officer G." (collectively, "defendants"), accompanied by applications to proceed *in forma pauperis* and for the appointment of *pro bono* counsel. By order entered September 9, 2011, *inter alia*: (1) plaintiff's application to proceed *in forma pauperis* was granted; (2) plaintiff's application for the appointment of *pro bono* counsel was denied without prejudice to renewal when the case is trial ready; and (3) plaintiff's claims against the NHCC, Miller, Camanitti, the Food Administration Supervisor, O'Kanta, Gehi, Edwards and the NCCC, as well as his claims relating to the pricing and selection at the NCCC's commissary, were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A unless plaintiff filed an amended complaint in accordance with that order within thirty (30) days from the date the order was served with notice of entry upon him.[1] On September 9, 2011, the Clerk of the Court served notice of entry of that order upon plaintiff by mailing a copy thereof to him at the Metropolitan Detention Center ("MDC"), his last known address as of that date. Pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service of the order with notice of entry was complete upon mailing it to plaintiff at the MDC, his last known address as of the date of the mailing, i.e., on September 9, 2011.

By letter dated September 15, 2011, plaintiff informed the Court that his address had changed to the Suffolk County Correctional Facility ("SCCF") as of September 6, 2011. (Doc. No. 15). Thereafter, the Clerk's mail containing notice of entry of the September 9, 2011 order

---

[1] Plaintiff's claims against the NCCC and his claims concerning commissary pricing and selection were *sua sponte* dismissed with prejudice and without leave to amend. Plaintiff was granted leave to amend his complaint to re-plead his claims against the NHCC, Miller, Camanitti, the Food Administration Supervisor, O'Kanta, Gehi and Edwards in accordance with the September 9, 2011 order.

2

was returned to the Court as undeliverable, with the notation that plaintiff was no longer at the MDC. (Doc. No. 17). On September 27, 2011, the Clerk of the Court mailed a copy of the September 9, 2011 to plaintiff at the SCCF. On October 5, 2011, the Clerk's September 27, 2011 mail was returned to the Court as undeliverable, with the notation "Discharged. Return to Sender." (Doc. No. 18).

To date, plaintiff has not filed an amended complaint in accordance with the September 9, 2011 order, requested an extension of time to do so, advised the Court of any new address, or otherwise communicated with the Court regarding the status of this action.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Justice v. Correctional Officer, No. 07-CV-3800, 2009 WL 4723735, at * 1 (E.D.N.Y. Dec. 1, 2009) (holding that the plaintiff had a duty to apprise the Court of his updated contact information); Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 n. 2 (E.D.N.Y. Aug. 19, 2009) ("[P]arties have an obligation to notify the Court of a change in their address."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1 (S.D.N.Y. May 14, 2007) (holding that it is a plaintiff's obligation to inform the court of any change in address). This action cannot proceed unless the Court and defendants are able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve orders and motions and schedule trial. See, e.g. U.S. ex rel. Roundtree, 2007 WL 1428428, at * 1, 2 (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them" and that "a

3

lawsuit cannot continue where the plaintiff fails to disclose his new address to his adversary and to the Court.") Accordingly, plaintiff is directed to serve and file, **on or before November 9, 2011**: (1) an affidavit providing the Court and defendants with a new address and telephone number at which he can be contacted; and (2) an amended complaint in accordance with the September 9, 2011.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO FILE AN AFFIDAVIT PROVIDING THE COURT AND DEFENDANTS WITH HIS NEW CONTACT INFORMATION WILL RESULT IN THIS ACTION BEING DISMISSED IN ITS ENTIRETY WITH PREJUDICE PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff is further advised that his failure to file an amended complaint in accordance with the September 9, 2011 order will result in his claims against the NHCC, Miller, Camanitti, the Food Administration Supervisor, O'Kanta, Gehi and Edwards being *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's last known address pursuant to Rule 5(b)(2)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

4

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 12, 2011
Central Islip, New York