UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

HASAN VAUGHAN,

               Plaintiff,

-against-

MICHAEL SPOSATO, Nassau County Correctional
Center Acting Sheriff, OFFICER HUES, OFFICER
BOID, OFFICER HARVEY, OFFICER KAHL,
OFFICER VEGA, OFFICER HARDY, CORPORAL
ANDERSON, CORRECTIONS OFFICER LANE,
CORRECTIONS OFFICER GELDERMAN, and
NASSAU COUNTY,

               Defendants.
----------------------------------------X

**ORDER**
CV-11-3097(SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 16 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Pending before this Court is the motion of *pro se* plaintiff Hasan Vaughan ("plaintiff") entitled "Motion for Default Judgment pursuant to the Fed. R. Civ. P. Rule 55(b)(2)," (Doc. No. 92), which the Court construes to be objections to: (1) a pretrial order of the Honorable Arlene Rosario Lindsay, United States Magistrate Judge, dated June 19, 2012, denying plaintiff's application to enter a default judgment against defendants based on their failure to obey a January 30, 2012 Scheduling Order; and (2) Magistrate Judge Lindsay's July 5, 2012 Scheduling Order. For the reasons stated herein, plaintiff's objections are overruled and the motion is denied.

I.    DISCUSSION

    A.    Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear

1

and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after service of such order. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

B. Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay: (1) abused her discretion and exceeded her authority in construing his application seeking her "intervention to 'advise' the County Defendants that failing to obey [her] Scheduling Orders may result in a default judgment in favor of the plaintiff," (Mot., at p. 4, ¶ 6), as an application seeking the entry of a default judgment against the County Defendants; and (2) abused her discretion in issuing the new Scheduling Order on July 5, 2012.

Plaintiff's objections were filed more than fourteen (14) days after Magistrate Judge Lindsay's June 19, 2012 and July 5, 2012 orders were served with notice of entry and, thus, are denied as untimely. In any event, Magistrate Judge Lindsay's June 19, 2012 and July 5, 2012 orders are not clearly erroneous or contrary to law.

2

II.     CONCLUSION

Upon consideration of Magistrate Judge Lindsay's June 19, 2012 and July 5, 2012 orders and plaintiff's "Motion for Default Judgment pursuant to the Fed. R. Civ. P. Rule 55(b)(2)," (Doc. No. 92), which the Court construes to be objections to Magistrate Judge Lindsay's June 19, 2012 and July 5, 2012 orders, plaintiff's objections are overruled and his motion is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 16, 2013
       Central Islip, New York