UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————X

HASAN VAUGHAN,

                    Plaintiff,

    -against-

MICHAEL SPOSATO, Nassau County Correctional
Center Acting Sheriff; OFFICER HUES, OFFICER
BOID, OFFICER HARVEY; OFFICER KAHL;
OFFICER VEGA; OFFICER HARDY; CORPORAL
ANDERSON; CORRECTIONS OFFICER LANE;
CORRECTIONS OFFICER GELDERMAN and
NASSAU COUNTY,

                  Defendants.

——————————————————————X

CV-11-3097 (SJF)(ARL)

**ORDER**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  OCT 2 1 2013  ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

    Before the Court is a letter by plaintiff Hasan Vaughan ("plaintiff") objecting to an order,

entered during a telephone conference before me on September 16, 2013, closing this case with

leave to reopen within twenty (20) days of a decision on plaintiff's appeal of his state criminal

conviction, which is construed to be a motion seeking reconsideration of the September 16, 2013

order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated

herein, plaintiff's motion is denied.


I.     Discussion

    Rule 60(b) provides, in relevant part:

"[T]he court may relieve a party * * * from a final judgment, order, or proceeding for * * * (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * *, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Since the first five (5) grounds for relief under Rule 60(b) are clearly inapplicable, plaintiff may only seek relief from the September 16, 2013 order under Rule 60(b)(6).

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court * * *." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotations and citation omitted). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quotations, alterations and citations omitted). "Relief under Rule 60(b) is generally not favored * * *." Insurance Company of North America v. Public Service Mutual Insurance Company, 609 F.3d 122, 131 (2d Cir. 2010) (quotations and citation omitted). "The burden of demonstrating that the motion is justified rests with the moving party." Williams v. New York City Department of Corrections, 219 F.R.D. 78, 84 (S.D.N.Y. 2003); see also United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

A.     Rule 60(b)(6)

Rule 60(b)(6) "is a 'grand reservoir of equitable power to do justice in a particular case[,]' * * * [b]ut that reservoir is not bottomless." Stevens, 676 F.3d at 67 (quoting Matarese

v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)); see also Motorola Credit, 561 F.3d at 126 ("The discretionary relief available under Rule 60(b) is equitable.") A party seeking to avail itself of the relief under Rule 60(b)(6) must demonstrate: (1) that "extraordinary circumstances are present[,]" ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 109 (2d Cir. 2012); see also Stevens, 676 F.3d at 67 (accord); (2) that "the failure to grant relief would work an extreme hardship on the movant," ISC Holding, 688 F.3d at 109; see also United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (accord); and (3) that "the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule [60(b)]." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); see also ISC Holding, 688 F.3d at 109.

Plaintiff objects to the September 16, 2013 order on the basis "that the ultimatum given to [him] to either 1) go to trial on this action via television screen or 2) postpone [the] action until after his direct criminal appeal in an unrelated matter as [sic] a violation of his constitutional right of due process." (Letter from plaintiff to the Court dated September 29, 2013, at 1).

"Although due process prohibits the denial of access to the courts, a prisoner does not have a constitutional right to attend the jury trial of his civil rights claim involving the conditions of his confinement." Thornton v. Snyder, 428 F.3d 690, 697 (7th Cir. 2005); see also Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 111-12 (4th Cir. 1988) ("The law * * * recognizes that there are countervailing considerations of expense, security, logistics, and docket control that prevent according prisoners any absolute right to be present [at any civil rights trial initiated by them].")); Holt v. Pitts, 619 F.2d 558, 560 (6th Cir. 1980) ("Generally speaking, prisoners who bring civil actions * * * have no right to be personally present at any stage of the judicial

3

proceedings."); Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976) (holding that an incarcerated plaintiff "has no constitutional right to be produced as a witness in his own civil rights action."); Perotti v. Quiones, No. 2:10-cv-00086-JMS, 2013 WL 4008188, at * 1 (S.D. Ind. Aug. 5, 2013) (holding that the incarcerated plaintiff had "no constitutional right to be personally present at judicial proceedings in a civil case he initiated."); Thomas v. O'Brien, No. 5:08-cv-0318, 2011 WL 5452012, at * 3 (N.D.N.Y. Nov. 8, 2011) (holding that notwithstanding the constitutional right of access to the courts, an incarcerated plaintiff "does not enjoy a constitutional right to be physically present at the trial of his civil claim."); Twitty v. Ashcroft, 712 F. Supp. 2d 30, 31 (D. Conn. 2009) ("[A] plaintiff prisoner does not have a constitutional right to be physically present at the jury trial of his civil rights claim.") Rather, district courts have discretion "to determine whether a prison inmate shall attend court proceedings held in connection with an action initiated by the inmate." Stone, 546 F.2d at 735; see also Thornton, 428 F.3d at 697 (accord).

Nonetheless, "[t]he fact that there is no constitutional right to be present in a civil action does not sanction the summary exclusion of a plaintiff-prisoner from the trial of his prison-connected civil rights claim." Stone, 546 F.2d at 735; see also Latiolais v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996) ("Although a prisoner has no constitutional right to be present, or to testify, at his own civil trial, the district court may not summarily exclude a prisoner-plaintiff from the trial of his civil rights suit."); Muhammad, 849 F.2d at 112 ("That an incarcerated litigant's right [to be present] is necessarily qualified, however, does not mean that it can be arbitrarily denied * * *; the law requires a reasoned consideration of the alternatives * * *."). "Rather the trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest

of the state in maintaining the confinement of the plaintiff-prisoner." Stone, 546 F.2d at 735; see also Jerry v. Francisco, 632 F.2d 252, 255 (3d Cir. 1980); Thomas, 2011 WL 5452012, at * 3; Twitty, 712 F. Supp. 2d at 32.  Factors to be considered include: "the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person * * *." Stone, 546 F.2d at 735-36; see also Latiolais, 93 F.3d at 208 (holding that the factors to be considered in determining whether to permit an incarcerated plaintiff to appear in person for trial include "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." (quoting Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)); Muhammad, 849 F.2d at 113 (holding that the factors to be considered in determining how to proceed with a civil rights trial involving an incarcerated plaintiff include, at a minimum: "(1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative[;] (2) [t]he expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial[;] [and] (3) [t]he likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy

5

resolution of the claim.")

Although conducting a jury trial by videoconference has certain limitations, see, e.g. Thornton, 428 F.3d at 697, it is expressly permitted by Rule 43(a) of the Federal Rules of Civil Procedure which provides, in relevant part, that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Allowing an incarcerated plaintiff to appear in person for trial in "a distant court entails cost and even danger * * *." Barnes v. Black, 544 F.3d 807, 810 (7th Cir. 2008); see also Thomas, 2011 WL 5452012, at * 5 (accord). Thus, with respect to incarcerated plaintiffs, courts "are increasingly looking to videoconferencing as a viable alternative to live testimony." Perotti, 2013 WL 4008188, at * 2 (quoting Montes v. Rafalowski, No. C 09-0976, 2012 WL 2395273, at * 2 (N.D. Cal. June 25, 2012) and citing cases); see also Thomas, 2011 WL 5452012, at * 6 ("The use of video conferencing technology to permit a prisoner plaintiff's participation in a trial is not only a potential alternative [to actual presence at trial]* * *, but appears to present an option which has been and continues to gain growing acceptance." (citing cases)); Edwards v. Logan, 38 F. Supp. 2d 463, 466-67 (W.D. Va. 1999) (recognizing "the growing acceptance of video conferencing as an alternative [to a prisoner's physical presence] in judicial proceedings * * *.")

Moreover, at least one (1) court has noted that allowing an incarcerated plaintiff to participate at trial by videoconference would actually "lessen the risk that the jury would be prejudiced or misled" by the presence in court of the security measures necessary to secure public safety and the plaintiff's continued confinement. Ortiz v. Burnias, No. 2:09-cv-00396, 2012 WL

6

3237161, at * 1 (D. Ariz. Aug. 7, 2012).

The Court takes judicial notice of the fact that plaintiff is presently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, following his convictions of murder in the first degree, arson in the second degree and reckless endangerment in May 2013. In this civil action, plaintiff challenges the conditions of his confinement at the Nassau County Correctional Center ("NCCC") following his arrest on those charges, i.e., from on or about September 22, 2009 through on or about July 25, 2011. Specifically, plaintiff alleges poor and/or unsanitary conditions at the NCCC; that he was denied medical treatment for third degree burns he sustained "over 52% of his surface body area only 40 days prior to his arrest * * *," (Amended Compl., ¶ 14); that he was housed with an "openly known racist inmate," (id. at 32); that he was denied access to the court; that he was provided insufficient meals and/or meals lacking proper nutrition at the NCCC; and that his First Amendment freedom of religion rights were violated at the NCCC. In light of, *inter alia*: (1) the violent nature of the crimes for which plaintiff was convicted and the security risk thus posed by plaintiff's personal appearance in the courtroom during trial; (2) the expenses and inconvenience associated with both transporting plaintiff to and from the courthouse for trial and providing sufficient security in the courtroom throughout the trial to ensure public safety and plaintiff's continued confinement, see, e.g. Perotti, 2013 WL 4008188, at * 3; (3) the fact that an early determination of this matter is not necessary since plaintiff is no longer incarcerated at the NCCC and, thus, his claims involve past acts, see, e.g. id. at * 4, and (4) the fact that plaintiff's presence in person at trial would not substantially further the resolution of this case, there is "good cause in compelling circumstances," Fed. R. Civ. Pro.

7

43(a), warranting plaintiff's appearance at trial via videoconference. Moreover, although "not the equivalent of [plaintiff's] actual presence" in the courtroom, Perotti, 2013 WL 4008188, at * 4, appearance via videoconference at trial "will sufficiently allow [plaintiff] to participate and to testify live, and the jury to assess his demeanor and credibility," id., and will allow for plaintiff's meaningful participation at trial, i.e., "he will be virtually present and able to testify, present evidence, confront witnesses and address the jury." Id. at * 5. Thus, "[t]he use of videoconferencing technology [at trial] presents a reasonable alternative to [plaintiff's] presence at court and strikes a proper balance between [plaintiff's] interests and the countervailing concerns * * * relating to cost and security associated with producing [him] at trial." Id. Accordingly, my "ultimatum" to plaintiff, i.e., to either appear for an immediate trial via videoconference while still incarcerated or agree to mark this case off the calendar with leave to restore within twenty (20) days of a decision on plaintiff's direct appeal of the judgment of conviction, which, if successful as plaintiff anticipates, would enable plaintiff to appear at trial in person, did not violate plaintiff's due process rights. See, e.g. Bacon v. United States, 355 Fed. Appx. 569, 571 (2d Cir. Dec. 11, 2009) (finding that the district court did not abuse its discretion in presenting the incarcerated plaintiff with two (2) options: (1) to submit his testimony on videotape and participate in the trial via live audio link and counsel's appearance in court; or (2) to delay the trial until his release from prison, when he could appear in court in person).

Since plaintiff neither demonstrated any extraordinary circumstances justifying relief from the September 16, 2013 order under Rule 60(b)(6) of the Federal Rules of Civil Procedure, nor that the September 16, 2013 order works an extreme hardship upon him, his objection to that

order is denied.

## II. Conclusion

For the reasons set forth herein, plaintiff's objection to the September 16, 2013 order, which is construed to be a motion for reconsideration of that order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, is denied.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 21, 2013
       Central Islip, New York